UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THOMAS CONTI,

                    Plaintiff,

  -against-

VILLAGE OF QUOGUE, ANTHONY COMITO,
JASON MCMUNN, AND JOHN OR JANE DOE
1-10,

                    Defendants.
----------------------------------------------------------X

**COMPLAINT**

Demand for Trial by Jury

Docket No. 2:21-cv-158

Plaintiff, Mr. Thomas Conti, by and through the undersigned attorneys, Sim & DePaola, LLP, for his complaint against the Defendants, Village of Quogue, Anthony Comito, Jason McMunn, and John or Jane Doe 1-10, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action, in which Plaintiff seeks relief vis-à-vis 42 U.S.C. §§ 1983 and 1988 for the violation of his civil rights as set forth by the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and constitution of the State of New York.

2. The following claims arise from a March 17, 2019 incident, in which defendants, acting under color of state law, unlawfully stopped, searched, seized, detained, assaulted and battered plaintiff without a valid judicially authorized arrest or search warrant, reasonable suspicion, probable cause or any other legal justification to do so.

3. Defendants falsely accused Mr. Conti of violating various of the New York Vehicle & Traffic Law ("VTL") which formed the pretextual basis for defendants' illegal stop, search and seizure of Mr. Conti. After stopping plaintiff, defendants proceeded to apply excessive force during the effectuation of his arrest on said fabricated allegations.

4. Consequently, defendants violated Mr. Conti's civil rights and deprived him of his liberties as guaranteed and protected by the Constitutions and laws of the United States and the State of New York, including his rights to be free from illegal searches, seizures, and the application of excessive force, in addition to his right to be afforded due process of the law and his right to a fair trial.

5. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, an award of costs, attorney's fees, pre- and post-judgment interest, and such other and further relief, as the Court may deem just and proper.

## JURISDICTION

6. This action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States, under 42 U.S.C. §§ 1983 and 1988, as well as the laws and Constitution of the State of New York.

7. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

8. Venue is laid within the Eastern District of New York, in that Defendant Village of Quogue is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

9. Plaintiff, Mr. Thomas Conti ("Mr. Conti"), resides in the County of Suffolk and State of New York.

10.     The Defendant, Village of Quogue ("Village"), is a municipal corporation organized under the laws of the State of New York.

11.     At all times relevant hereto, Defendant Village, acting through the Village of Quogue Police Department ("QVPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all QVPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all QVPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

12.     In addition, at all times here relevant, Defendant Village was responsible for enforcing the rules of the QVPD, and for ensuring that the QVPD personnel obey the laws of the United States and the State of New York.

13.     Defendants, Anthony Comito ("Comito") and Jason McMunn ("McMunn"), were at all relevant times herein, police officers, detectives or sergeants employed by the QVPD and, as such, were acting in the capacities of agents, servants and employees of the Village of Quogue. Defendants are being sued in their individual and official capacities.

14.     At all relevant times, Defendants, John or Jane Doe 1-10, were police officers, detectives, supervisors, policymakers or officials employed by the QVPD. At this time, Plaintiff is not privy to the true identities of defendants, John or Jane Doe 1-10, as such knowledge is within the exclusive dominion of defendants.

15.     At all relevant times herein, Defendants, John or Jane Doe 1-10, were acting as agents, servants and employees of the Village of Quogue, the QVPD. Defendants, John or Jane Doe 1- 10, are being sued in their individual and official capacities.

16.     At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Village of Quogue, the County of Suffolk and the State of New York.

## FACTUAL CHARGES

17.     On March 17, 2019, at approximately 3:10 a.m., Mr. Conti was driving in the vicinity of 117 Meeting House Road, Village of Quogue, Town of Southampton, in the County of Suffolk and State of New York.

18.     At no point in time did Mr. Conti commit any observable violations of the law, including those enumerated within the New York Vehicle & Traffic Law ("VTL").

19.     At said date, time and approximate location, defendants, including Comito and McMunn, conducted a motor vehicle stop of the motor vehicle being driven by Mr. Conti, despite possessing no reasonable suspicion or probable cause to believe that Mr. Conti has committed any crime or violation of the law, including those of the VTL.

20.     Mr. Conti was then unlawfully stopped by Defendants, including Comito and McMunn, who grabbed Mr. Conti's body and arms to prevent him from moving and ordered to not to move.

21.     Defendants, including, Comito and McMunn, violently struck and shoved Mr. Conti's body with their arms without just cause, as Mr. Conti was in total compliance with defendants' commands.

22.     Defendants, including, Comito and McMunn, then proceeded to illegally search Mr. Conti's person by rifling through clothing and pulling out his pockets, despite the clear lack of any indicia of secreted contraband or unlawful activity.

23.     Defendants, including Comito and McMunn, then violently contorted Mr. Conti's arms behind his back and proceeded to affix metal handcuffs to his wrists in an excessively tight fashion,

despite Mr. Conti informing defendants of prior injury to left wrist, which caused him to suffer substantial injury, pain and discomfort to his wrists, hands, back and shoulders.

24. Mr. Conti pleaded with defendants, including Comito and McMunn, to loosen to the handcuffs, but said pleas were ignored for hours.

25. Mr. Conti was thereafter physically removed against his will to a local QVPD stationhouse, where he was subjected to various indignities, including overly invasive bodily inspections, fingerprinting, retina scans and compelled confinement in a cramped cell.

26. After arriving at the QVPD stationhouse, Mr. Conti requested emergency medical attention due to the severe injuries he sustained from the defendants,' including Comito's and McMunn's, application of excessive force against him.

27. Thereafter, emergency medical service technicians arrived at the stationhouse to transport Mr. Conti to a local hospital where he would receive emergency medical treatment for the substantial physical injuries caused by defendants.

28. Defendants, including, Comito and McMunn, knowingly and intentionally conveyed false, fabricated, misleading, or incomplete information to prosecutors, namely that Mr. Conti was observed violating various sections of the VTL.

29. Defendants, including, Comito and McMunn, fabricated fictitious events and occurrences, which were then falsely attributed to Mr. Conti, namely that Mr. Conti was pulled over due to his violation of the VTL and the exhibition of other indicia of intoxication.

30. Mr. Conti asserts that defendants, including Comito and McMunn, arrested and detained him with the full knowledge that they did not possess a lawful reason for the initial stop of Mr. Conti.

31. At all times relevant hereto, the defendants, including, Comito and McMunn, were involved in the decision to stop and arrest Plaintiff without reasonable suspicion or probable cause, or failed to intervene when they observed others stopping and arresting Plaintiff without probable cause.

32. Defendant Village has engaged in a policy, custom, or pattern and practice of stopping vehicles without probable cause or reasonable suspicion to do so.

33. Mr. Conti asserts that the aforementioned unlawful acts committed by defendants are representative of a pervasive policy, custom or pattern and practice within the Village of Quogue and the QVPD in particular.

34. Mr. Conti asserts that defendants, including Comito and McMunn, illegally approached, stopped, searched, and then falsely arrested him, due solely to their desires to fulfill an unconstitutional arrest quota and to benefit from increased overtime compensation.

35. Mr. Conti asserts that the Defendants, including Comito and McMunn, who violated his civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the QVPD and the Village of Quogue that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the QVPD and Village of Quogue or, at the very least, conclusive evidence that the Village and the QVPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact with their police officers.

36. The individually named defendants herein, as well as other officers serving in the employ of the QVPD and Village of Quogue, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the

United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the QVPD, the Village of Quogue and their respective policymakers and supervisors.

37. Upon information and belief, the QVPD, the Village of Quogue, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the QVPD that resulted in Mr. Conti's arrest without probable cause.

38. Upon information and belief, the QVPD, the Village of Quogue, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

39. Defendants' actions, pursuant to Mr. Conti's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of Plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the QVPD and the Village of Quogue, as well as their deliberate indifference towards the rights of any individuals who may come into contact with defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the QVPD and Village of Quogue.

40. Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the QVPD, Village of Quogue and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of Defendants, the QVPD and Village of Quogue.

41. Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of defendant Village's knowledge that the individual officer Defendants were unfit for employment as QVPD officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

42. Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the Village and the QVPD were fully aware of Defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the QVPD and Village of Quogue failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the Village's tacit approval of such misconduct or the Village's deliberate indifference towards the civil rights of those who may interact with its employees, including Defendants, Comito and McMunn.

43. Upon information and belief, the individually named Defendants have combined to be named as Defendants in numerous lawsuits that have accused them of committing violations similar or identical to those alleged herein, all of which have resulted no disciplinary or corrective action of any kind.

44. Upon information and belief, the QVPD and Village of Quogue and have failed, or outright refused, to correct the individually named defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct.

45. The aforementioned acts of defendants, including the Village, Comito, McMunn and John or Jane Doe 1-10, directly or proximately resulted in the deprivation or violation of Mr. Conti's civil rights enumerated within the United States Constitution, as the Fourth and Fourteenth Amendments thereto, as well as by the laws and constitution of the State of New York.

46. As direct or proximate results of said acts, Mr. Conti was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
Unlawful Search & Seizure Under
New York State Law

47. The above paragraphs are here incorporated by reference as though fully set forth.

48. Defendants subjected plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

49. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

50. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

51. The unreasonable searches and seizures to plaintiff's person and property were not otherwise privileged.

52. Accordingly, defendants violated plaintiff's right to be free from unreasonable searches and seizures, pursuant to Art. I, § 12, of the constitution of the State of New York and Art. II, § 8, of the New York Civil Rights Law.

53. Defendant Village, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Unlawful Search & Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. Defendants subjected plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

57. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

58. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

59. The unreasonable searches and seizures to plaintiff's person and property were not otherwise privileged.

60. Accordingly, defendants violated plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the Constitution of the United States.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest & False Imprisonment Under
New York State Law

62. The above paragraphs are here incorporated by reference as though fully set forth.

63. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

64. Plaintiff was conscious of his confinement.

65. Plaintiff did not consent to his confinement.

66. Plaintiff's arrest and false imprisonment was not otherwise privileged.

67. Defendant Village, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
False Arrest & False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

69. The above paragraphs are here incorporated by reference as though fully set forth.

70. The Defendants violated the Fourth and Fourteenth Amendments to the Constitution of the United States by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

71. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

72. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Assault & Battery Under
New York State Law

74. The above paragraphs are here incorporated by reference as though fully set forth.

75. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful or offensive touching.

76. Defendants engaged in and subjected plaintiff to immediate harmful or offensive touching and battered him without his consent.

77. Defendant Village, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

78. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

79. The above paragraphs are here incorporated by reference as though fully set forth.

80. The Defendants violated Plaintiff's rights, under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

81. Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

82. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

83. The above paragraphs are here incorporated by reference as though fully set forth.

84. Defendants arrested, detained and caused a criminal prosecution to be initiated against plaintiff to compel the compliance or forbearance of some act.

85. Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

86. Defendants intended to inflict substantial harm upon plaintiff.

87. Defendants acted to achieve a collateral purpose, beyond or in addition to plaintiff's criminal prosecution.

88. Defendant Village, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

89. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

90. The above paragraphs are here incorporated by reference as though fully set forth.

91. Defendants arrested, detained and caused a criminal prosecution to be initiated against plaintiff to compel the compliance or forbearance of some act.

92. Defendants had no excuse or justification to forcibly detain and initiate a prosecution against plaintiff, especially with the absence of any cognizable probable cause.

93. Defendants intended to inflict substantial harm upon plaintiff.

94. Defendants acted to achieve a collateral purpose, beyond or in addition to plaintiff's criminal prosecution.

95. Defendants' actions therefore resulted in deprivations to plaintiff's rights, pursuant to the Fourth and Fourteenth Amendments.

96. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Denial of Right to Due Process Under
New York State Law

97. The above paragraphs are here incorporated by reference as though fully set forth herein.

98. Defendants fabricated false evidence to be used against plaintiff that was likely to influence a jury's decision.

99. Defendants forwarded said false information to prosecutors.

100. Defendants' actions resulted in post-arraignment deprivation to plaintiff's liberty and freedom of movement.

101. Accordingly, defendants violated plaintiff's right to a fair trial, pursuant to Art. I, §§ 1, 2 & 6, of the New York State constitution, in addition to Art. II, § 12, of the New York State Civil Rights Law.

102. Defendant Village, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

103. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**TENTH CAUSE OF ACTION**
Denial of Rights to Fair Trial & Due Process Under
42 U.S.C. § 1983 Against Individual Defendants

104. The above paragraphs are here incorporated by reference as though fully set forth.

105. Defendants fabricated false evidence to be used against plaintiff that was likely to influence a jury's decision.

106. Defendants forwarded said false information to prosecutors.

107. Defendants' actions resulted in post-arraignment deprivations to plaintiff's liberty and freedom of movement.

108. Accordingly, defendants violated Plaintiff's rights, pursuant to the Fourth, Fifth and Fourteenth Amendments to United States Constitution

109. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

110. result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### ELEVENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

111. The above paragraphs are here incorporated by reference as though fully set forth herein.

112. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

113. Defendant Village, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

114. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TWELFTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

115. The above paragraphs are here incorporated by reference as though fully set forth herein.

116. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

117. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

118. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Negligent Hiring, Training, Retention & Supervision Under
New York State Law

119. The above paragraphs are here incorporated by reference as though fully set forth.

120. Defendant Village owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee defendants.

121. Defendant Village breached those duties of care.

122. Defendant Village placed defendants in a position where they could inflict foreseeable harm.

123. Defendant Village knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

124. Defendant Village failed to take reasonable measures in hiring, training, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

125. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant Village

126. The above paragraphs are here incorporated by reference as though fully set forth.

127. Defendant Village maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as plaintiff, to such violative behavior.

128. Defendant Village's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

129. Defendant Village and its policymakers failed to provide adequate training or supervision to their subordinates to such an extent that is tantamount to a deliberate indifference toward the rights of those who may come into contact with defendant Village's employees.

130. Defendant Village's employees engaged in such egregious and flagrant violations of plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by defendant Village and its policymakers toward the rights of individuals, who may come into contact with defendant Village's employees.

131. Defendant Village's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

132. Defendant Village's conduct caused the violation of plaintiff's civil rights, pursuant to Constitution of the United States.

133. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)	Awarding Plaintiff reasonable attorneys' fees, costs, as well as pre- and post-judgment interest, pursuant to 42 U.S.C. § 1988; the New York State Civil Rights and Human Rights Laws;

e)	Together with such other and further relief, as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Bayside, New York
January 12, 2021

Respectfully submitted,

/s/ *Samuel C. DePaola*
Samuel C. DePaola, Esq.
Bar Number: SD3243
Sim & DePaola, LLP
*Attorneys for Mr. Conti*
4240 Bell Blvd – Ste 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
sdepaola@simdepaola.com