UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THOMAS CONTI,

                Plaintiff,

        v.                                   **MEMORANDUM AND ORDER**

ANTHONY COMITO, JASON MCMUNN,              2:21-CV-158 (RPK) (AYS)
ASHLEY TROTTA,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Plaintiff Thomas Conti brings this lawsuit under 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising out of his arrest and subsequent prosecution on drunk-driving charges. Defendants move to dismiss plaintiff's claims of unlawful search and seizure and denial of a fair trial. For the reasons discussed below, defendants' motion is granted in part and denied in part.

## BACKGROUND

       The following facts are drawn from the second amended complaint ("SAC") and documents amenable to judicial notice. Plaintiff's allegations are assumed true for purposes of this order.

       Plaintiff was driving in the Village of Quogue, New York, at approximately 3:00 a.m. on March 17, 2019. SAC ¶ 16. He asserts that he did not "commit any observable crime or violation of the law," *id*. at ¶ 17, but he was nevertheless pulled over by defendant police officers Anthony Comito, Jason McMunn, and Ashley Trotta for allegedly "driving to the left of roadway markings indicative of especially hazardous conditions for overtaking or passing" and "improperly deviating from his designated lane," *id*. at ¶¶ 18–19, 28; *see* N.Y. Veh. & Traff. Law §§ 1126(a), 1128(a).

1

Defendants claim that during the stop, they observed plaintiff "exhibiting various indicia of intoxication by drugs or alcohol." SAC ¶ 29.

Defendants ordered plaintiff out of the vehicle, "search[ed his] person by rifling through his clothing and pulling out his pockets," "affix[ed] metal handcuffs to his wrists," and then "removed [him] against his will to a local . . . stationhouse." *Id*. at ¶¶ 19, 21–22, 24. Plaintiff was charged with violating New York Vehicle and Traffic Law Sections 1126(a), 1128(a), 1192.2, 1192.3, and 1192.4-a for allegedly driving to the left of highway markings, failing to stay within a single lane, operating a motor vehicle with a blood alcohol level of .08 or more, driving while intoxicated, and driving while impaired by the combined influence of drugs or of alcohol and any drug or drugs. *Id*. at ¶ 27.

Court records establish that plaintiff pleaded guilty to violating New York Vehicle and Traffic Law Section 1192.2 by driving with a blood alcohol level above .08, and the remaining charges were dismissed in satisfaction of that plea. Decl. of Lauren Turkel, Ex. A 1 ("Certificate of Conviction") (Dkt. #30-2); Decl. of Lauren Turkel, Ex. B 2–4, 8–9 ("Minutes") (Dkt. #30-3). Those documents are subject to judicial notice where, as here, their authenticity is not challenged. *See Smith v. Rossini*, No. 19-CV-323 (MKB), 2020 WL 9816016, at *3 n.4 (E.D.N.Y. Nov. 30, 2020) (collecting cases); *Sanders v. Johnson*, No. 19-CV-5525 (LJL), 2021 WL 4776357, at *1 (S.D.N.Y. Oct. 11, 2021); *see also Dixon v. von Blanckensee*, 994 F.3d 95, 101–02 (2d Cir. 2021). In pleading guilty, plaintiff admitted that he had consumed "[f]ive beers and two glasses of wine" on the night of his drunk-driving arrest, that "the consumption of those [beverages] render[ed him] in an intoxicated condition," that he "operate[d a] motor vehicle in that intoxicated condition," and that his blood alcohol level was measured to be .15. Minutes 7–8.

2

Plaintiff sued Comito, McMunn, and Trotta under 42 U.S.C. § 1983. He brings claims for (1) unlawful search and seizure, (2) excessive force, (3) denial of a fair trial on the basis of fabricated evidence, and (4) failure to intervene. SAC ¶¶ 47–67. Defendants move to dismiss the claims of unlawful search and seizure and denial of a fair trial.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint based on "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8). The facial "plausibility standard is not akin to a 'probability requirement.'" *Ibid.* (quoting *Twombly*, 550 U.S. at 556). But it requires a plaintiff to allege sufficient facts to enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all facts alleged in the complaint as true. *Ibid.* But it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Ibid.*

## DISCUSSION

Defendants' motion to dismiss is granted in part and denied in part. Because plaintiff pleaded guilty to violating New York Vehicle and Traffic Law § 1192.2, plaintiff's unlawful-search-and-seizure claim fails as to his arrest and the search incidental to that arrest. However, plaintiff's unlawful-search claim survives as to the allegation that he was unlawfully pulled over.

3

Plaintiff's fair-trial claim fails because he does not allege that he suffered a deprivation of liberty attributable to the allegedly fabricated evidence.

### I.    Plaintiff's Unlawful-Search-and-Seizure Claim

Plaintiff's unlawful-search-and-seizure claim is dismissed as to any allegation that he was unlawfully searched and arrested, but the claim survives as to the allegation that plaintiff was unlawfully pulled over.

#### A.  Plaintiff Fails to Plausibly Allege That He Was Unlawfully Searched or Arrested

Defendants' motion to dismiss is granted as to any claim of false arrest and false imprisonment in violation of the Fourth Amendment and as to any challenge to the search of plaintiff incident to his arrest. *See* SAC ¶¶ 22, 24; Mem. in Opp'n 11–12 (describing false arrest claim).

"Probable cause is a complete defense to a constitutional claim of false arrest and false imprisonment." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). Further, "[a] guilty plea and conviction of the charge arising from the allegedly false arrest is conclusive proof of probable cause." *Conquistador v. City of New Britain*, No. 16-CV-839 (MPS), 2019 WL 79425, at *5 (D. Conn. Jan. 2, 2019); *see Roesch v. Otarola*, 980 F.2d 850, 853 (2d Cir. 1992); *Cameron v. Fogarty*, 806 F.2d 380, 388–89 (2d Cir. 1986). These principles are fatal to a false-arrest claim here, because plaintiff's guilty plea to violating New York Vehicle and Traffic Law Section 1192.2 by driving with a blood alcohol level above .08, *see* Certificate of Conviction 1; Minutes 8–9, establishes that probable cause existed for his arrest, *Cameron*, 806 F.2d at 388–89.

Insofar as plaintiff seeks to challenge the search of his person incident to his arrest, that claim also fails because "a guilty plea provides a defense to any Section 1983 claim brought for the search of an arrested person that is conducted as an incident to that arrest." *Roundtree v. City*

4

*of New York*, 778 F. Supp. 614, 620 (E.D.N.Y. 1991); *see Hope v. City of New York*, No. 08-CV-5022 (BMC), 2010 WL 331678, at *3 (E.D.N.Y. Jan. 22, 2010).

Accordingly, plaintiff's unlawful-search-and-seizure claim fails as to his allegations that he was unlawfully searched and seized after being pulled over.

### B.  Plaintiff Plausibly Alleges That He Was Unlawfully Pulled Over

Defendants' motion to dismiss is denied as to plaintiff's claim that he was unlawfully seized in violation of the Fourth Amendment when officers stopped his car.

"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning" of the Fourth Amendment.  *Whren v. United States*, 517 U.S. 806, 809–10 (1996). Accordingly, "traffic stops must satisfy the Fourth Amendment's reasonableness limitation, which 'requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity."  *United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017) (citation omitted). "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, [or] injury to reputation," even though they may not recover damages from an arrest that followed a traffic stop so long as the arrest was itself supported by probable cause.  *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999).

Plaintiff's unlawful-stop allegations are sufficient to survive a motion to dismiss.  Plaintiff alleges that "[a]t no point in time did [he] commit any observable crime or violation of the law," but defendants nevertheless pulled him over.  SAC ¶¶ 17, 19. Accepting these allegations as true, plaintiff has plausibly established that he was seized in violation of the Fourth Amendment.  *See Di Pompo v. Mendelson*, No. 21-CV-1340 (CS), 2022 WL 463317, at *2 (S.D.N.Y. Feb. 15, 2022)

("Plaintiff denies having run the stop sign, so he plausibly asserts the absence of reasonable suspicion or probable cause."); *Brown v. City of New York*, No. 8-CV-5095 (FB) (MDG), 2013 WL 1338785, at *3 (E.D.N.Y. Apr. 1, 2013) (denying summary judgment on a false-arrest claim because "plaintiff denies doing the very things that would have created probable cause for his arrest").

Defendants are incorrect that plaintiff's guilty plea establishes that probable cause supported the initial stop. Officers allegedly stopped plaintiff because they observed him "driving to the left of roadway markings indicative of especially hazardous conditions for overtaking or passing" and "improperly deviating from his designated lane," but plaintiff denies these allegations. SAC ¶¶ 17, 28. Moreover, plaintiff did not admit to these traffic infractions by pleading guilty to driving with a blood alcohol level above .08 in violation of New York Vehicle and Traffic Law Section 1192.2. *See* Certificate of Conviction 1; Minutes 7–8. And while plaintiff's drunk-driving conviction establishes that plaintiff's arrest for drunk driving and other charges was supported by probable cause, *see* p. 4, *supra*, defendant has cited no authority—and I have found none—suggesting that the guilty plea establishes probable cause for the preceding car stop based on a different offense. Consistent with other cases in this district, I conclude that plaintiff's guilty plea does not preclude his Fourth Amendment challenge to the initial stop of his car. *Davenport v. County of Suffolk*, No. 99-CV-3088 (JFB), 2007 WL 608125, at *6 (E.D.N.Y. Feb. 23, 2007) (finding that defendant had driven while intoxicated and that officer had probable cause for arrest did not bar Section 1983 claim that "the initial stop of [plaintiff's] vehicle was without reasonable suspicion" and that the stop therefore violated the Fourth Amendment); see *Lawhorn v. Algarin*, No. 16-CV-6226 (FPG), 2018 WL 1046794, at *8 (W.D.N.Y. Feb. 26, 2018) ("Plaintiff's guilty plea to the charges of reckless endangerment in the second degree and resisting

6

arrest . . . is not decisive of whether Plaintiff was subjected to an unreasonable stop and seizure . . . that occurred before the conduct at issue in Plaintiff's convictions.").

Contrary to defendants' suggestions, plaintiff is not collaterally estopped from arguing that defendants lacked probable cause for the initial stop. "[W]hether or not . . . a claim is precluded depends on the issues that were actually litigated and necessarily decided in the prior proceedings." *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000). The question of whether officers had probable cause to stop plaintiff based on erratic driving was not "actually litigated" or "necessarily decided" in the criminal proceeding. Plaintiff testified that he was intoxicated on the night of his drunk-driving arrest, but he made no concessions as to whether he was driving erratically. Minutes 7–8; *see Lawhorn*, 2018 WL 1046794, at *8 ("[T]here is no indication in the record that the constitutional validity of the Defendant Officers' conduct on Avenue A was 'actually litigated' or 'necessarily decided' during Plaintiff's guilty plea in state court. Therefore, Plaintiff's guilty plea to the charges of reckless endangerment and resisting arrest do not preclude a jury from finding that Plaintiff was subjected to an unreasonable stop and seizure on Avenue A.") (internal citation omitted).

Defendants are also incorrect that plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* before a plaintiff in a Section 1983 case may "recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff "first ha[s] to prove that his conviction ha[s] been invalidated in some way." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (quoting *Heck*, 512 U.S. at 486). The Second Circuit has held, however, that this bar does not apply in cases in which the plaintiff "is not and never was in the custody of the State." *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999). And plaintiff was never in the custody of the State, because his conviction resulted in only a fine and a

7

suspension of his driver's license. Minutes 9–11. Accordingly—even assuming that plaintiff's challenge to the validity of his traffic stop challenges "actions whose unlawfulness would render" his conviction invalid, *McDonough*, 139 S. Ct. at 2157—*Heck* has no application here.

### II.  Plaintiff's Fair-Trial Claim

Plaintiff's allegations fail to plausibly establish that that he suffered a deprivation of liberty as a result of any allegedly fabricated statements.

To prevail on a fair-trial claim, a plaintiff must prove that "an (1) investigating official (2) fabricate[d] evidence (3) that [was] likely to influence a jury's decision, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (citing *Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003)). The Second Circuit has held that a plaintiff cannot state a fair-trial claim attributable to an arrest supported by probable cause unless "the fabricated evidence causes some 'further deprivation'" of liberty. *Ganek v. Leibowitz*, 874 F.3d 73, 91 (2d Cir. 2017) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 277 (2d Cir. 2016)). Accordingly, a plaintiff who is arrested on multiple charges—only some of which are based on allegedly fabricated evidence—must show that the allegedly fabrication caused him to suffer some "further deprivation" of liberty than he otherwise would have experienced. *Caravalho v. City of New York*, 732 F. App'x 18, 24 (2d Cir. 2018) ("Plaintiffs failed to adduce any evidence demonstrating that they were detained as a result of the allegedly fabricated arrest paperwork, rather than their arrest for disorderly conduct."); *Collins v. City of New York*, No. 14-CV-8815 (AJN), 2019 WL 1413999, at *3 (S.D.N.Y. Mar. 29, 2019); *Polanco v. City of New York*, No. 14-CV-7986 (NRB), 2018 WL 1804702, at *12 (S.D.N.Y. Mar. 28, 2018).

Plaintiff has failed to make allegations to support such a showing. Plaintiff concedes that he was lawfully arrested for "operating a motor vehicle with a blood alcohol content above the

8

legal limit of eight percent," Mem. in Opp'n 15–16, and he fails to allege that he suffered a "further deprivation" of liberty as a result of defendants' allegedly false statements that he "dr[ove] to the left of roadway markings indicative of especially hazardous conditions for overtaking or passing" and "improperly deviat[ed] from his designated lane," SAC ¶¶ 18–19.  Because plaintiff fails to plausibly establish that he "suffer[ed] a deprivation of liberty as a result" of the allegedly fabricated evidence, *Jovanovic*, 486 F. App'x at 152, his fair-trial claim fails.

## CONCLUSION

Defendants' motion to dismiss is granted in part and denied in part.  Plaintiff's unlawful-search-and-seizure claim is dismissed as to the allegations that plaintiff was unlawfully searched and arrested, but the claim survives as to the allegation that he was unlawfully pulled over.  Plaintiff's fair-trial claim is also dismissed because he does not allege that he suffered a deprivation of liberty attributable to the allegedly fabricated evidence.  These claims are dismissed without prejudice because it is possible that a valid claim might be stated were additional supporting facts set out in an amended complaint.  *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).  Within 30 days, plaintiff may file an amended complaint that addresses the defects outlined in this memorandum.

Absent an amended complaint, litigation will continue on plaintiff's remaining claims.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated:  September 27, 2022
          Brooklyn, New York